885 F.2d 871
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
James W. LATTANZI, An Individual d/b/a Great Lakes
Acoustical & Partition, and/or d/b/a Lattanzi
Management Co., Respondent.
 No. 89-5573.
 United States Court of Appeals, Sixth Circuit.
 Sept. 25, 1989.
 
 1
 Before DAVID A. NELSON and RYAN, Circuit Judges and RONALD E. MEREDITH, District Judge*.
 
 
 2
 JUDGMENT ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD
 
 
 3
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondent, James W. Lattanzi, an Individual d/b/a Great Lakes Acoustical & Partition, and/or d/b/a Lattanzi Management Co., East Detroit, Michigan, its officers, agents, successors, and assigns, enforcing its order dated December 30, 1988, in Case No. 7-CA-28025, and the Court having considered the same, it is hereby
 
 
 4
 ORDERED AND ADJUDGED by the Court that the Respondent, James W. Lattanzi, an Individual d/b/a Great Lakes Acoustical & Partition, and/or d/b/a Lattanzi Management Co., East Detroit, Michigan, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 5
 (a) Refusing to provide the Union, Carpenters District Council of Detroit, Wayne and Oakland Counties and Vicinity, AFL-CIO with requested records containing information that is relevant and necessary to the Union's role as the exclusive bargaining representative of the unit employees.
 
 
 6
 (b) Refusing to provide the Union and/or the trustees of the contractual fringe benefit fund with monthly fringe benefit reports, as required by the collective-bargaining agreement.
 
 
 7
 (c) In any like or related manner interfering with, restraining, or coercing its employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 8
 2. Take the following affirmative action necessary to effectuate the policies of the Act.
 
 
 9
 (a) Provide the Union with the requested records.
 
 
 10
 (b) If the information reveals noncompliance with the terms and conditions of the collective-bargaining agreement between the Respondent and the Union, make the employees whole, with interest, in the manner set forth in the remedy section of the Board's decision.
 
 
 11
 (c) Submit monthly fringe benefit reports to the Union and/or the trustees of the contractual fringe benefit fund.
 
 
 12
 (d) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this Judgment.
 
 
 13
 (e) Post at its facility in East Detroit, Michigan, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7, after being signed by the Respondent's authorized representative, shall be posted by the Respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced or covered by any other material.
 
 
 14
 (f) Notify the Regional Director, in writing, within 20 days from the date of this Judgment what steps the Respondent has taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 15
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 16
 APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR
 
 RELATIONS BOARD
 An Agency of the United States Government
 
 17
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 18
 WE WILL NOT refuse to bargain collectively with Carpenters District Council of Detroit, Wayne and Oakland Counties and Vicinity, AFL-CIO by refusing to provide the Union with requested records containing information that is relevant and necessary to the Union's role as the exclusive bargaining representative of the unit employees.
 
 
 19
 WE WILL NOT refuse to provide the Union and/or the trustees of the contractual fringe benefit fund with the monthly fringe benefit reports, as required by the collective-bargaining agreement.
 
 
 20
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 21
 WE WILL provide the Union with the requested records.
 
 
 22
 WE WILL, if the information reveals noncompliance with the terms and conditions of the collective-bargaining agreement, make our employees whole, with interest.
 
 
 23
 WE WILL submit monthly fringe benefit reports to the Union and/or the trustees of the contractual fringe benefit fund.
 
 
 24
 /S/ JAMES W. LATTANZI, AN INDIVIDUAL d/b/a GREAT LAKES ACOUSTICAL & PARTITION, AND/OR d/b/a LATTANZI MANAGEMENT CO.
 
 
 25
 (Employer)
 
 Dated ____________ By ____________________
 
 26
 (Representative)
 
 
 27
 (Title)
 
 
 28
 This is an official notice and must not be defaced by anyone.
 
 
 29
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 477 Michigan Avenue, Room 300, Detroit, Michigan 48226-2569, Telephone 313-226-3219.
 
 
 
 *
 The Honorable Ronald E. Meredith, U.S. District Judge for the Western District of Kentucky, sitting by designation